FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR - 5 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:01cr77(1) |
| | § | |
| JAVIER MORENO-LOPEZ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 19, 2008 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On March 1, 2002, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to eighteen (18) months imprisonment for the offense of Criminal Alien Found Unlawfully in the United States. On July 9, 2005, Defendant was released from custody and ordered to commence service of a 3-year term of supervised release. The case was reassigned to the Honorable Michael H. Schneider, United States District Judge, on May 29, 2007.

On June 21, 2007, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. 23). The petition asserted that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; and (2) Defendant shall, immediately upon release from confinement, be surrendered to a duly authorized immigration official for deportation proceedings, and, if ordered deported, excluded, or allowed to

1

voluntarily return to Mexico, Defendant shall not reenter the United States.

The petition alleges that Defendant committed the following violations: (1) On April 12, 2007, the Grand Jury in the Eastern District of Texas, Sherman Division, returned a one-count indictment charging Defendant with the violation of 8 U.S.C. § 1326, reentry of deported alien, and alleging Defendant had previously been excluded, reported, and removed, knowingly and unlawfully was found in Denton County, Texas on or about March 10, 2007, without obtaining consent for re-application for admission into the United States; and (2) on March 10, 2007, after Defendant was encountered by the Aubrey, Texas Police Department after authorities were notified by the Aubrey, Texas Fired Department that Defendant requested assistance in gaining entry into a locked vehicle, Defendant did not provide any identification or proof that he was the owner of the vehicle and falsely identified himself as Pascual Dias with a date of birth of January 10, 1974.

The Government further alleges that the Defendant was first deported on May 1, 1998 and warned of the penalties of reentry into the United States without permission. On April 19, 2001, according to the Government, Defendant was again deported after being sentencing for a violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii), transporting an unlawful alien. Finally, Defendant was apparently deported a third time on July 29, 2005.

Prior to the Government putting on its case, the Defendant entered a plea of true to the alleged violations. At the hearing, the Court recommended that Defendant's supervised release be revoked. Defendant waived his right to allocution before a district judge.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be

committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, to run consecutively with any other terms of imprisonment, with no supervised release to follow.

**SIGNED** this 4 day of March, 2008.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE